UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FRED MORGAN | ] | |
|     Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:14-0326 |
| | ] | Judge Sharp |
| MICHAEL DONAHUE, WARDEN | ] | |
|     Respondent. | ] | |

**O R D E R**

The Court has before it a *pro se* prisoner petition (Docket Entry No.1) under 28 U.S.C. § 2254, for writ of habeas corpus, and an application to proceed in forma pauperis (Docket Entry No.2).

The application shows that the petitioner lacks sufficient financial resources from which to pay for the costs of the action. Therefore, the Clerk is directed to file the petition in forma pauperis. 28 U.S.C. § 1915(a).

The petitioner is an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee. He brings this action against Michael Donahue, Warden of the facility, challenging the legality of a Franklin County sexual battery conviction.

Venue for a § 2254 action is governed by 28 U.S.C. § 2241(d). That provision requires that a habeas corpus action be brought in either the judicial district of petitioner's conviction or the judicial district of his current incarceration.

In this case, the petitioner was convicted in Franklin County, which lies in the Eastern District of Tennessee. 28 U.S.C. § 123(a)(4). He is currently incarcerated in a penal facility in Hardeman County, which is in the Western District of Tennessee. 28 U.S.C. § 123(c)(1). It therefore appears to the Court that venue is not proper in this judicial district.

Accordingly, the Clerk is directed to TRANSFER the instant action to the United States District Court for the Eastern District of Tennessee, Winchester Division at Winchester, Tennessee. 28 U.S.C. § 1406(a).

It is so ORDERED.

_____
Kevin H. Sharp
United States District Judge